UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 24-395 (BAH) |
| MICHAEL JERRETT AMOS, | Judge Beryl A. Howell |
| Defendant. | |

**MEMORANDUM AND ORDER**

The United States government moves to dismiss, with prejudice, the seven-count Indictment, ECF No. 14, against defendant Michael Jerrett Amos. Govt's Mot. to Dismiss Indictment with Prejudice Pursuant to Federal Rule Criminal Procedure 48(a) ("Govt's MTD"), ECF No. 22. For the reasons explained below, the government's motion is granted in part and denied in part, and the pending indictment against defendant is dismissed without prejudice.

**I.  BACKGROUND**

Defendant was indicted by a grand jury on seven counts—five felonies and two misdemeanors—alleging that he engaged in serious criminal conduct on January 6, 2021, including assaulting law enforcement officers. *See* Indictment. Based on an investigation by the Federal Bureau of Investigation (FBI) and analysis of photographic and videotape recordings from the attack on U.S. Capitol building on January 6, 2021, defendant is alleged to have gone to the U.S. Capitol grounds where he was part of a crowd at the Southwest Plaza trying to remove the metal fencing and break past a line of police officers. Complaint, Statement of Facts at 6, ECF No. 1-1. Defendant then allegedly charged the officers with a flagpole. *Id.* at 6-8. As the police line re-formed, rioters surged once again, and this time, defendant allegedly assaulted them with pepper spray. *Id.* at 8-9. According to the FBI, he continued to push other rioters,

1

yelling for them to advance against the police line until the rioters successfully overtook the West Plaza. *Id.* at 9-11.

Based on this investigation of his alleged offense conduct, defendant is facing charges for violations of 18 U.S.C. § 231(a)(3) (obstructing, impeding, or interfering with a law enforcement officer during the commission of a civil disorder), 18 U.S.C. § 111(a)(1) & (b) (forcibly assaulting, resisting, or opposing an officer engaged in performance of duties, while using a deadly or dangerous weapon and while the officers were engaged in performance of official duties, and with intent to commit another felony), 18 U.S.C. § 1752(a)(1), (a)(2), (a)(4) & (b)(1)(A) (knowingly entering and remaining in a restricted area, engaging in disorderly and disruptive conduct therein, and engaging in physical violence, all while using and carrying a dangerous or deadly weapon), 40 U.S.C. § 5104(e)(2)(D) (willfully and knowingly engaging in disorderly conduct with intent to disrupt Congress), 40 U.S.C. § 5104(e)(2)(F) (willfully and knowingly engaged in an act of physical violence in the Capitol). *See* Indictment. These charges subject defendant to up to twenty years in prison. *See* 18 U.S.C. § 111(a)(1) & (b).

Since the indictment was filed in August 2024, defendant has appeared before this Court for two status conferences, and a trial date was set for June 23, 2025. *See* Min. Entry (Sept. 5, 2024); Min. Entry (Dec. 13, 2024); Min. Order (Dec. 16, 2024). The government now seeks dismissal of the Indictment under Federal Rule of Criminal Procedure 48(a). Govt's MTD.

## II.     DISCUSSION

Courts have limited power when the federal government decides to stop prosecuting a criminal defendant. *See, e.g.*, *Wayte v. United States*, 470 U.S. 598, 607-08 (1985) (recognizing the government's broad prosecutorial discretion); *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016) (recognizing same prosecutorial discretion in "decisions to dismiss

pending criminal charges"). At the same time, the Supreme Court and D.C. Circuit have both recognized that the "leave of court" requirement in Rule 48(a) "obviously vest[s] some discretion in the court." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977); *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) (noting that this rule "gives the court a role in dismissals following indictment"). This discretion is granted in part to "guard[] against abuse of prosecutorial discretion." *Ammidown*, 497 F.2d at 620. To ensure that the government's request for dismissal of criminal charges "sufficiently protects the public," the government may be required to submit "a statement of reasons and underlying factual basis," which must be "substantial" to justify the dismissal and not "a mere conclusory statement." *Id.*

Here, the government's cursory motion provides *no* factual basis for dismissal. Instead, the single paragraph explanation included in the one-page dismissal motion cites "as the reason for this dismissal," only a presidential proclamation "dated January 20, 2025, Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021." Govt's MTD at 1. This cited proclamation, *inter alia*, directs the Attorney General "to pursue [the] dismissal with prejudice to the government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021." *See* PROCLAMATION, (Jan. 20, 2025) (capitalization in original), available at https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/. The only reason provided for this instruction, as set out in the proclamation's introduction, is the assertion that this action "ends a grave national injustice that has been perpetrated upon the American people over the last four years and begins a process of national reconciliation." *Id.*

3

No "national injustice" occurred here, just as no outcome-determinative election fraud occurred in the 2020 presidential election. No "process of national reconciliation" can begin when sore losers, whose preferred candidate loses an election, are glorified for disrupting a constitutionally mandated proceeding in Congress and doing so with impunity. That merely raises the dangerous specter of future lawless conduct by other sore losers and undermines the rule of law. Yet, this presidential pronouncement of a "national injustice" is the sole justification provided in the government's motion to dismiss the pending indictment. *See* Govt's MTD.

Having presided over scores of criminal cases charging defendants for their criminal conduct both outside and inside the U.S. Capitol Building on January 6, 2021, which charges were fully supported by evidence in the form of extensive videotapes and photographs, admissions by defendants in the course of plea hearings and in testimony at trials, and the testimony of law enforcement officers and congressional staff present at the Capitol on that day, this Court cannot let stand the revisionist myth relayed in this presidential pronouncement. The prosecutions in this case and others charging defendants for their criminal conduct at the U.S. Capitol on January 6, 2021, present no injustice, but instead reflect the diligent work of conscientious public servants, including prosecutors and law enforcement officials, and dedicated defense attorneys, to defend our democracy and rights and preserve our long tradition of peaceful transfers of power—which, until January 6, 2021, served as a model to the world—all while affording those charged every protection guaranteed by our Constitution and the criminal justice system. Bluntly put, the assertion offered in the presidential pronouncement for the pending motion to dismiss is flatly wrong.

Still, the D.C. Circuit has cautioned that a district court judge has "no power" "to deny a prosecutor's Rule 48(a) motion to dismiss charges based on a disagreement with the prosecution's

4

exercise of charging authority." *Fokker*, 818 F.3d at 742; *id.* at 737 ("It has long been settled that the Judiciary generally lacks authority to second-guess those Executive determinations, much less to impose its own charging preferences."). Despite finding that the sole reason relied upon by the government to dismiss the charges in this case—*i.e.*, an incorrect assertion in the presidential proclamation—is neither substantial nor factually correct, the government's view of the public interest does not clearly fall within the types of reasons found to provide legitimate grounds to deny the government Rule 48(a) motion to dismiss charges. *See United States v. Flynn*, 507 F. Supp. 3d 116, 130-31 (D.D.C. 2020) (collecting examples where a government motion to dismiss should be denied as not serving "legitimate prosecutorial interests," because the motion "was a sham or deception," "was based on 'acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled,'" or was meant to favor "politically well-connected individuals" (citations omitted)). Therefore, the government's motion to dismiss the indictment is GRANTED.

Nothing about the government's reasoning for dismissal warrants entry of dismissal with prejudice, however. Dismissal with prejudice is a complete adjudication of the matter and would bar any further prosecution of defendant for his offense conduct at issue. *See Brown v. Amtrak Corp.*, No. 03-7003, 2003 WL 22433755, at *1 (D.C. Cir. Oct. 27, 2023) ("A dismissal 'with prejudice' is a final judgment on the merits which bars further litigation between the same parties." (citing *Bd. of Trs. of the Hotel & Rest. Emps. Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1489 n.20 (D.C. Cir. 1996))); *Reed v. Farley*, 512 U.S. 339, 368 (1994) (Blackmun, J., dissenting) ("The dismissal with prejudice of criminal charges is a remedy rarely seen in criminal law, even for constitutional violations."). This result would be improper here, particularly given the strength of the evidence supporting allegations that this defendant violently charged police officers and

then assaulted them with pepper spray, which evidence provides ample basis for criminal prosecution. *See also Thorp v. District of Columbia*, 142 F. Supp. 3d 132, 145 (D.D.C. 2015) (noting that dismissal with prejudice "reflect[s] on the merits of the underlying action" (quoting *Brown v. Carr*, 503 A.2d 1241, 1245 (D.C. Cir. 1986), and citing *Kenley v. District of Columbia*, 83 F. Supp. 3d 20, 42 (D.D.C. 2015)). Instead, the government's reliance on a policy assertion made in the presidential proclamation that such prosecutions should not be continued warrants only "render[ing] the proceedings a nullity and leav[ing] the parties as if the action had never been brought," *Magliore v. Brooks*, 844 F. Supp. 2d 38, 46 (D.D.C. 2012) (quoting *Thoubboron v. Ford Motor Co.*, 809 A.2d 1204, 1210 (D.C. Ct. App. 2002)), which is achieved by granting the government's motion to dismiss *without* prejudice, *see id.*

### III. CONCLUSION AND ORDER

For the reasons above, the government's motion to dismiss, ECF No. 22, is granted to the extent that the Indictment, ECF No. 14, against defendant is dismissed, but denied as to the request that this dismissal be "with prejudice." Accordingly, it is hereby—

**ORDERED** that Indictment against defendant, ECF No. 14, is dismissed without prejudice; it is further

**ORDERED** that all scheduled proceedings, including the February 7, 2025 status conference and June 23, 2025 trial date, and all deadlines are **VACATED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

Date: January 23, 2025

                                                   **BERYL A. HOWELL**
                                                   United States District Judge